IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MAGNOLIA PLACE APARTMENTS, LLC,

    Plaintiff,

v.                                         CASE NO. 1:14-cv-24-MW-GRJ

BRUCE RICHMAN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Motion to Remand. (Docs. 7 & 9.) Plaintiff has not filed a response to the motion to remand and the time for doing so has passed. For the following reasons, Plaintiff's Motion to Remand is due to be granted.

### Background

This case is a garden variety state court residential eviction action for failure to pay rent originally filed in the County Court of the Eighth Judicial Circuit In and For Alachua County, Florida. (Doc. 1-1.) The case was removed to federal court by Defendant on March 4, 2014. (Doc. 1.) Defendant, proceeding *pro se*, asserted in the notice of removal that removal is appropriate under 28 U.S.C. 1441(a) because the case involves a federal question. According to Defendant, he is a "member of a protected class" covered under the Civil Rights Act of 1968. Although Defendant does not expressly state in his Notice of Removal the nature of the protected class, he does allege in his response to the eviction action that "as a relatively elderly person .. the issue of age discrimination becomes a matter that should be considered." (Doc. 1-1.)

Plaintiff timely filed a motion to remand within 30 days of removal asserting that the Court does not have subject matter jurisdiction over the residential eviction action because federal question jurisdiction cannot be created by defenses to a complaint.

## Discussion

A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the case had the case been brought there originally." *Whitt v. Sherman Int'l Corp.*, 147 F. 3d 1325, 1329 (11th Cir. 1998). Because the Defendant is a citizen of the State of Florida and therefore cannot remove a case to federal court based upon diversity jurisdiction the only arguable basis for subject matter jurisdiction would be if the Complaint referenced a federal statute or federally created right.

"[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). This well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, where, as here there is no federal claim raised in the complaint "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

This case has no business being in federal court. The Complaint contains only one claim - a simple state law claim for summary eviction based upon a failure to pay rent for a residential dwelling. Eviction is governed by state law, and Defendant has

pointed to no authority whatsoever for the proposition that a residential eviction action presents a federal question. Rather, Defendant asserts that the Court has subject matter jurisdiction over the case because Defendant has a federal defense to the eviction action. The law is clear that defenses under a federal statute do not create federal subject matter jurisdiction. *See Flagstar Bank FSB v. Pittman*, No. 1:12-CV-4326-TWT-JSA, 2012 WL 6924167, at *2 (N.D. Ga. Dec. 17, 2012) (holding that where Defendants attempted to remove a post-foreclosure dispossessory action to federal court, defenses under RESPA, the Fair Debt Collection Practices Act, and the Truth in Lending Act did not confer jurisdiction under the well-pleaded complaint rule) (citing *Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975)).

Accordingly, because there is no basis for federal subject matter jurisdiction in this case this action must be remanded to state court.

Lastly, an order remanding a case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.,* 546 US 132, 141 (2005). Because Defendant's' sole basis for removal was federal question jurisdiction - and as the Court discussed above federal question subject matter jurisdiction cannot be created by defenses – the Defendant cannot demonstrate an objectively reasonable basis for removing this action. Plaintiff, therefore, is entitled to an award of attorney's fees and expenses incurred in filing the motion to remand.

In light of the foregoing, it is respectfully **RECOMMENDED** that :

1. Plaintiff's Motion to Remand (Docs. 7 & 9) should be **GRANTED**.

2. Plaintiff may file within **fourteen (14) days** of this report and recommendation, any materials including affidavits detailing the reasonable attorney's fees and expenses incurred in preparing and filing the motion to remand.

3. After determining the amount of attorney's fees and expenses to be included in the order remanding this case the case should be **REMANDED** to the County Court for Eighth Judicial Circuit in and for Alachua County, Florida and the Clerk should be directed to send a certified copy of the order of remand to the Clerk of Court for the Eighth Judicial Circuit in and for Alachua County, Florida.

**IN CHAMBERS** at Gainesville, Florida this 28th day of April 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**